Electronically FILED by Superior Court of California, County of Los Angeles on 09/07/2021 03:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
Case 2:24-cv-01144-DSF-MAR    Document 1-3    Filed 02/09/24    Page 1 of 10    Page ID
#:7
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Audra Mori

1 | **Igor Fradkin, Esq. - State Bar No. 299491**
2 | **DOWNTOWN L.A. LAW GROUP**
   | 601 N. Vermont Ave.
3 | Los Angeles, CA 90004
   | Tel: (213) 389-3765
4 | Fax: (877) 389-2775
   | Email: Igor@downtownlalaw.com
5 |
6 |
   | Attorneys for Plaintiff
7 | JANE DOE

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF LOS ANGELES

10 |

11 | JANE DOE, an individual.

12 | Plaintiff,

13 |

14 | v.

15 | HOTEL INDIGO LOS ANGELES
   | DOWNTOWN, unknown entity; SIX
16 | CONTINENTS HOTELS, INC., a Delaware
   | corporation; SECURITAS SECURITY
17 | SERVICES USA, INC., a Delaware
   | corporation; GREENLAND
18 | INTERNATIONAL LA, INC., a California
   | corporation; JOHN DOE, an individual; and
19 | DOES 1-50, inclusive.

20 | Defendants.

Case No.: 21STCV33040

**COMPLAINT FOR DAMAGES**

1.  ASSAULT
2.  BATTERY
3.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
4.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
5.  NEGLIGENCE

[JURY DEMANDED]

COMES NOW, Plaintiff, JANE DOE and alleges against Defendants, and each of them, as follows:

PARTIES

1.      Plaintiff JANE DOE is filing this action under a pseudonym because Courts generally allow the use of a pseudonym where a "legitimate privacy concern" exists and pseudonyms especially in cases involving victims of sexual misconduct, assault or abuse. (Starbucks Corp. v. Superior Court (2008) 168 Cal.App.4th 1436, 1452.).

2.      JANE DOE is and at all times was, an adult female resident of Queens, New York, and was a hotel guest who was sexually assaulted by Defendant JOHN DOE on April 19, 2021.

3.      JANE DOE files this action under a pseudonym as she is a victim of sexual assault. Plaintiff proceeds in this manner to protect her legitimate privacy rights as further disclosure would expose her to stigmatization and invasion of privacy. Plaintiff further anticipates seeking concurrence from Defendants for entry into a protective order to prevent unnecessary disclosure of JANE DOE's real name in the public record.

4.      At all times mentioned herein, Defendant JOHN DOE, was, and still is an individual and resident of the County of Los Angeles, State of California, and within the jurisdiction of this Court.

5.      Plaintiff is informed and believes, and based upon such information and belief allege that at all times relevant hereto Defendants  HOTEL INDIGO LOS ANGELES DOWNTOWN, unknown entity; SIX CONTINENTS HOTELS, INC., a Delaware corporation; SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation; GREENLAND INTERNATIONAL LA, INC., a California corporation; JOHN DOE, an individual; and DOES 1-50, inclusive, are, and at all times herein mentioned where individuals, corporations, sole proprietors, shareholders, associations, partners and partnerships, joint venturers, and/or business entities unknown, primarily residing and doing business in the County of Los Angeles, State of California.  At all times herein mentioned, said Defendants were the owners, lessors, sub-lessors, managing agents, landlords, renters, managers, operators, marketers, inspectors, maintainers and controllers, of a residential

Downtown L.A. Law Group
601 N.Vermont Ave.
Los Angeles, CA  90004

1   property located at 899 Francisco St., Los Angeles, CA 90017, (hereinafter referred to as

2   "THE SUBJECT PREMISES").

3   6.      Defendants DOES 1-50, inclusive, are sued herein under fictitious names, their true

4   names and capacities being unknown to Plaintiff.  Plaintiff will amend this complaint to

5   allege their true names and capacities when ascertained.  Plaintiff is informed and believes

6   and thereon alleges that each of the fictitiously named Defendants is responsible in some

7   manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged

8   were proximately caused by those Defendants.

9                           **GENERAL ALLEGATIONS**

10  7.      On or about April 19, 2021 Plaintiff was a hotel guest of the Defendants' premises.

11  On said day, Plaintiff ingested medicinal marihuana which counter reacted to her prescription

12  medication and caused Plaintiff extreme fatigue and incoherency. Plaintiff contacted

13  Defendants' staff due to her condition and paramedics were summoned. Paramedics assessed

14  Plaintiff and advised her to rest to allow the counter reaction of the medicine. Plaintiff was

15  escorted back to her hotel room by Defendant JOHN DOE.

16  8.      Defendant JOHN DOE returned at a later time for a wellness check and entered

17  Plaintiff's hotel room without consent. As Plaintiff was in an incoherent state, Defendant

18  JOHN DOE sexually assaulted Plaintiff.

19                          **FIRST CAUSE OF ACTION**

20                    **(Assault Against Defendant JOHN DOE)**

21  9.      Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1

22  through 8and by this reference incorporates said paragraphs as though fully set forth herein.

23  10.     On or about April 19, 2021, Defendant JOHN DOE, an employee of Defendants

24  HOTEL INDIGO LOS ANGELES DOWNTOWN, unknown entity; SIX CONTINENTS

25  HOTELS, INC., a Delaware corporation; SECURITAS SECURITY SERVICES USA, INC.,

26  a Delaware corporation; GREENLAND INTERNATIONAL LA, INC., a California

27  corporation; and DOES 1-50, inclusive, intentionally acted with the intent to cause harmful

28

Downtown L.A. Law Group
601 N.Vermont Ave.
Los Angeles, CA 90004

**COMPLAINT FOR DAMAGES**

Downtown L.A. Law Group
601 N.Vermont Ave.
Los Angeles, CA 90004

1    contact, entered Plaintiff's hotel room, approached Plaintiff and sexually assaulted Plaintiff

2    JANE DOE.

3    11.    Believing she was about to be touched in a harmful and sexual manner, Plaintiff

4    attempted to avoid contact with Defendant JOHN DOE.

5    12.    On or about April 19, 2021. Defendant JOHN DOE entered Plaintiff's hotel room

6    without consent. Defendant JOHN DOE then sexually assaulted Plaintiff as she was in an

7    incoherent state.

8    13.    Plaintiff did not consent to Defendant JOHN DOE's conduct.

9    14.    As a result of Defendant JOHN DOE's conduct Plaintiff JANE DOE was physically

10    and psychologically damaged, incurred medical bills, sustained disability and had to retain an

11    attorney and has incurred legal costs in connection therewith in order to prosecute this action.

12    15.    Defendant JOHN DOE's threatening, aggressive and sexual behavior was a

13    substantial factor in Plaintiff's fear for Plaintiff's reasonable physical person and her sense of

14    personal dignity.

15    16.    Defendant JOHN DOE's malicious and oppressive despicable conduct set forth above

16    was intended to cause injury to the Plaintiffs and subjected the Plaintiff to cruel and unjust

17    hardship with a willful and conscious disregard for the Plaintiffs' rights and safety such that

18    Defendant is subject to punitive damages as set forth in California Civil Code § 3294.

19                          **SECOND CAUSE OF ACTION**

20                        **(Battery Against Defendant JOHN DOE)**

21    17.    Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1

22    through 16 and by this reference incorporates said paragraphs as though fully set forth herein.

23    18.    On or about April 19, 2021, Defendant JOHN DOE, an employee of Defendants

24    HOTEL INDIGO LOS ANGELES DOWNTOWN, unknown entity; SIX CONTINENTS

25    HOTELS, INC., a Delaware corporation; SECURITAS SECURITY SERVICES USA, INC.,

26    a Delaware corporation; GREENLAND INTERNATIONAL LA, INC., a California

27    corporation; and DOES 1-50, inclusive, intentionally and with the intent to harm, sexually

28

**4**
**COMPLAINT FOR DAMAGES**

attacked Plaintiff; Defendant JOHN DOE sexually assaulted Plaintiff as she was in an incoherent state with such force that Plaintiff suffered injuries and damages.

19.    Plaintiff did not consent to Defendant's conduct.

20.    As a result of Defendant JOHN DOE's conduct, Plaintiff JANE DOE was physically and psychologically damaged, incurred medical bills, sustained disability and had to retain an attorney and has incurred legal costs in connection therewith in order to prosecute this action.

21.    Reasonable persons in Plaintiff's situation would have been offended by the manner in which Defendant JOHN DOE touched Plaintiff.

22.    Defendant JOHN DOE's malicious and oppressive despicable conduct set forth above was intended to cause injury to the Plaintiffs and subjected the Plaintiff to cruel and unjust hardship with a willful and conscious disregard for the Plaintiffs' rights and safety such that Defendant is subject to punitive damages as set forth in California Civil Code § 3294.

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against Defendant JOHN DOE)

23.    Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 22 and by this reference incorporates said paragraphs as though fully set forth herein.

24.    Defendant JOHN DOE acted with the intention of causing or reckless disregard of the probability of causing emotional distress when Defendant JOHN DOE sexually assaulted Plaintiff as she was in an incoherent state with such force that Plaintiff suffered injuries and damages.

25.    Defendant JOHN DOE's conduct as set forth above was so outrageous as to exceed all bounds of that usually tolerated by a civilized community.

26.    As a result of Defendant JOHN DOE'S socially unacceptable conduct set forth above the Plaintiff has suffered severe and extreme emotional distress including, but not limited to, highly unpleasant mental suffering and anguish that entails such intense, enduring and nontrivial emotional distress that no reasonable person in a civilized society would be expected to endure.

Downtown L.A. Law Group
601 N.Vermont Ave.
Los Angeles, CA 90004

27.   Defendant JOHN DOE's outrageous conduct was the actual and proximate cause of Plaintiff's emotional distress.

28.   Defendant JOHN DOE's outrageous, malicious, oppressive and despicable conduct as set forth above was intended to cause injury to the Plaintiffs and subjected the Plaintiff to cruel and unjust hardship with a willful and conscious disregard for the Plaintiff's rights and safety such that Defendant is subject to punitive damages as set forth in California Civil Code § 3294.

## FOURTH CAUSE OF ACTION

**(Negligent Hiring, Supervision, And Retention Against Defendants HOTEL INDIGO LOS ANGELES DOWNTOWN, unknown entity; SIX CONTINENTS HOTELS, INC., a Delaware corporation; SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation; GREENLAND INTERNATIONAL LA, INC., a California corporation; and DOES 1-50, inclusive)**

29.   Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 28 and by this reference incorporates said paragraphs as though fully set forth herein.

30.   Defendants HOTEL INDIGO LOS ANGELES DOWNTOWN, unknown entity; SIX CONTINENTS HOTELS, INC., a Delaware corporation; SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation; GREENLAND INTERNATIONAL LA, INC., a California corporation; and DOES 1-50, inclusive, owed a duty of care to Plaintiff (and to all other guests and/or visitors to the SUBJECT PREMISES) to hire employees that could conform their conduct to the law and that would not inflict harm upon their residents, tenants, guests and/or visitors.

31.   Defendants HOTEL INDIGO LOS ANGELES DOWNTOWN, unknown entity; SIX CONTINENTS HOTELS, INC., a Delaware corporation; SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation; GREENLAND INTERNATIONAL LA, INC., a California corporation; and DOES 1-50, inclusive, were negligent in their hiring, training, and supervising of their employees, including but not limited to Defendant JOHN

Downtown L.A. Law Group
601 N.Vermont Ave.
Los Angeles, CA  90004

**6**
**COMPLAINT FOR DAMAGES**

DOE, in that Defendants knew that JOHN DOE was unfit to perform the work for which he was hired, that he had sexual and/or inappropriate tendencies, but continued to employ him notwithstanding such tendencies.

32.     Based on Defendant JOHN DOE's known sexual and/or inappropriate tendencies, Defendants HOTEL INDIGO LOS ANGELES DOWNTOWN, unknown entity; SIX CONTINENTS HOTELS, INC., a Delaware corporation; SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation; GREENLAND INTERNATIONAL LA, INC., a California corporation; and DOES 1-50, inclusive, knew or should have known that Defendant JOHN DOE was unfit to perform the work for which he was hired and that his continued employment would result in the hiring, supervision, and/or retention of an employee whose conduct did not conform to the law and whose conduct could create an unreasonable and foreseeable risk of harm to others.

33.     As an actual and proximate result of said conduct, Defendant JOHN DOE  sexually assaulted and battered Plaintiff, which resulted in physical, psychological and financial harm to Plaintiff.

34.     Defendants' negligence in hiring, supervising, and/or retaining the aforementioned employee was a substantial factor in causing Plaintiff's harm.

### FIFTH CAUSE OF ACTION

#### (Negligence Against All Defendants)

35.     Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 34 and by this reference incorporates said paragraphs as though fully set forth herein.

36.     At the time, the aforementioned the SUBJECT PREMISES was owned, rented, managed, leased, supervised, inspected, operated, maintained and/or controlled by Defendants HOTEL INDIGO LOS ANGELES DOWNTOWN, unknown entity; SIX CONTINENTS HOTELS, INC., a Delaware corporation; SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation; GREENLAND INTERNATIONAL LA, INC., a California corporation; JOHN DOE, an individual; and DOES 1-50, inclusive, and

Downtown L.A. Law Group
601 N.Vermont Ave.
Los Angeles, CA 90004

**COMPLAINT FOR DAMAGES**

each of them in a negligent, careless and reckless manner so as to proximately cause the aforementioned sexual assault.

37.     Defendants HOTEL INDIGO LOS ANGELES DOWNTOWN, unknown entity; SIX CONTINENTS HOTELS, INC., a Delaware corporation; SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation; GREENLAND INTERNATIONAL LA, INC., a California corporation; and DOES 1-50, inclusive, negligently, carelessly, recklessly, and wantonly caused injury to Plaintiff in that Defendants, as the owners, lessors, sub-lessors, managing agents, landlords, renters, managers, operators, marketers, inspectors, maintainers and controllers of the SUBJECT PREMISES in which the subject sexual assaults occurred, allowed Defendant JOHN DOE to conduct himself in such a manner that resulted in the sexual assault of Plaintiff.

38.     As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants HOTEL INDIGO LOS ANGELES DOWNTOWN, unknown entity; SIX CONTINENTS HOTELS, INC., a Delaware corporation; SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation; GREENLAND INTERNATIONAL LA, INC., a California corporation; JOHN DOE, an individual; and DOES 1-50, inclusive, and each of them, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damages in a sum within the jurisdiction of this Court and to be shown according to proof.

39.     By reason of the foregoing, Plaintiff has been required to employ the services of hospitals, physicians and other professional services, and Plaintiff is informed and believes that further services of a said nature will be required by Plaintiff is an amount to be shown according to proof.

40.     Plaintiff is informed and believes that Defendants HOTEL INDIGO LOS ANGELES DOWNTOWN, unknown entity; SIX CONTINENTS HOTELS, INC., a Delaware corporation; SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation; GREENLAND INTERNATIONAL LA, INC., a California corporation; and DOES 1-50,

inclusive, and each of them, having sole and exclusive custody and control of the SUBJECT PREMISES and of the activities occurring at said premises, reasonably knew and or should have known about Defendant JOHN DOE's behavior and actions, and took no action to prevent or discourage such behavior and actions, thereby placing Plaintiff directly at risk.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.      AS TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANT JOHN DOE, AS FOLLOWS:

a.      For general damages in a sum according to proof at time of trial;

b.      For special damages in a sum according to proof at time of trial;

c.      For punitive and/or exemplary damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct;

2.      AS TO THE SECOND CAUSE OF ACTION AGAINST DEFENDANT JOHN DOE, AS FOLLOWS:

a.      For general damages in a sum according to proof at time of trial;

b.      For special damages in a sum according to proof at time of trial;

c.      For punitive and/or exemplary damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct;

3.      AS TO THE THIRD CAUSE OF ACTION AGAINST DEFENDANT JOHN DOE, AS FOLLOWS:

a.      For general damages in a sum according to proof at time of trial;

b.      For special damages in a sum according to proof at time of trial;

c.      For punitive and/or exemplary damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct;

4.      AS TO THE FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, AS FOLLOWS:

a.      For general damages in a sum according to proof at time of trial;

**COMPLAINT FOR DAMAGES**

b.      For special damages in a sum according to proof at time of trial;

5.      AS TO THE FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, AS FOLLOWS:

a.      For general damages in a sum according to proof at time of trial;

b.      For special damages in a sum according to proof at time of trial;

6.      AS TO ALL CAUSES OF ACTION AGAINST EACH AND EVERY DEFENDANT, AS FOLLOWS:

a.      For costs of suit herein incurred;

b.      For prejudgment interest at the legal rate;

c.      For such other and further relief as the court may deem just proper.

DATED:  September 7, 2021                          DOWNTOWN L.A. LAW GROUP

                                                             By: Igor Fradkin, Esq.
                                                             Attorney for Plaintiff,
                                                             JANE DOE

### DEMAND FOR JURY TRIAL

      Plaintiff demands trial by jury of all issues so triable.

DATED:  September 7, 2021                          DOWNTOWN L.A. LAW GROUP

                                                             By: Igor Fradkin, Esq.
                                                             Attorney for Plaintiff,
                                                             JANE DOE

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA  90004

**COMPLAINT FOR DAMAGES**